UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


MK STRATEGIES, LLC                  :
                                    :    HONORABLE JOSEPH E. IRENAS
        Plaintiff,                  :
                                    :  CIVIL ACTION NO. 1:07-cv-02519
        v.                          :
                                    :
ANN TAYLOR STORES CORPORATION       :              **OPINION**
and THE TOWER GROUP, Inc.           :
                                    :
        Defendants.                 :


**APPEARANCES:**

THOMAS H. EHRHARDT,LLC
By:  Thomas H. Ehrhardt
527 Main Street
Riverton, NJ 08077
      Counsel for Plaintiff

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By:  Cynthia V. Fitzgerald
Four Times Square
New York, New York 10036
      Counsel for Defendant Ann Taylor Stores Corporation


**IRENAS**, Senior District Judge:


        This matter appears before the Court on a Fed. R. Civ. P.
12(b)(6) motion to dismiss the Complaint.  Because the Complaint
fails to allege facts sufficient to sustain a cause of action
either for breach of an express contract or unjust enrichment,
the motion will be granted, with leave to amend.


**I.**

        In 2006 Defendant, The Tower Group, Inc. ("Tower"),

contracted with Plaintiff, MK Strategies, LLC ("MK"), a software firm, to perform certain services as a subcontractor on a project that Tower had contracted to perform for Defendant, Ann Taylor Stores Corporation ("Ann Taylor").[1] (Compl. ¶ 10).  MK alleges that its agreement with Tower was embodied in both oral and email communications between the two contracting parties. (*Id*. ¶ 11). Detailed invoices were provided to Tower for the subcontract service MK performed on the Ann Taylor project. (*Id*. ¶ 16).

MK alleges that the invoices dated from September 26, 2006 through October 22, 2006 remain unpaid with an outstanding balance of $83,370.33. (*Id*. ¶¶ 17-18).  Tower's failure to pay the outstanding invoices, according to Plaintiff, constitute a breach of its contract with MK. (*Id*. ¶ 19).  In turn, MK filed a Complaint on May 30, 2007, seeking judgment in its favor and against Tower and Ann Taylor for the balance of the unpaid invoices tendered to Tower.

Count One pleads only a breach of the contract between Tower and MK, but the prayer for relief also seeks judgment against Ann

---

[1] MK is a limited liability company with its principal place of business in New Jersey. (Compl. ¶ 2) Defendant Ann Taylor is a corporation with its principal place of business in New York and incorporated in Delaware. (*Id*. ¶ 3) The Tower Group is incorporated in Connecticut with its principal place of business in Vermont. (*Id*. ¶ 4) The amount in controversy is $83,370.33. Consequently, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Similarly, venue is proper based upon 28 U.S.C. § 1391(a).

Taylor for the unpaid invoices sent by MK to Tower.  In Count Two
MK seeks the same relief on the theory of unjust enrichment.  The
gravamen of Count Three is that Ann Taylor employees supervised
some of the work MK was performing on its Tower contract, and, by
doing so became liable to MK for Tower's indebtedness.

In response to Plaintiff's Complaint, on July 27, 2007, Ann
Taylor filed this motion to dismiss under Fed. R. Civ. P.
12(b)(6).[2]  For the reasons set forth below, we will grant Ann
Taylor's motion to dismiss in its entirety, with leave to file an
amended complaint.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a
court may dismiss a complaint "for failure to state a claim upon
which relief can be granted."  In order to survive a motion to
dismiss under Federal Rule of Civil Procedure 12(b)(6), a
complaint must allege facts sufficient to support the legal
elements of his claims or to permit inferences to be drawn that
these elements exist. *See* Fed. R. Civ. P. 8(a)(2); *Conley v.
Gibson*, 355 U.S. 41, 45-46 (1957).  While a court must accept as
true all allegations in the plaintiff's complaint, and view them
in the light most favorable to the plaintiff, a court is not,

---

[2]    Tower did not file an Answer to Plaintiff's Complaint,
nor has it participated in Ann Taylor's motion to dismiss. As
such, all references to Defendant pertain to Ann Taylor.

however, required to accept sweeping legal conclusions cast in
the form of factual allegations, unwarranted inferences, or
unsupported conclusions. *See Scheuer v. Rhodes*, 416 U.S. 232, 236
(1974); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d
Cir. 1997).  If, after viewing the allegations in the complaint
in the light most favorable to the plaintiff, it appears beyond
doubt that "no relief could be granted under any set of facts
that could be proved consistent with the allegations," a court
may dismiss the complaint. *Hishon v. King & Spalding*, 467 U.S.
69, 73 (1984).

## III.

    Traditionally, a federal district court sitting in diversity
must apply the choice-of-law rules of the forum in which it sits.
*See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S.
487, 496-97 (1941).  Absent from either party's briefing is an
argument that a conflict exists between the substantive law of
the forum, New Jersey, and the substantive law of the
jurisdictions in which Plaintiff performed computer services for
the Ann Taylor project, *i.e.*, New York and Connecticut.[3]  Both
Defendant and Plaintiff cite case law from New Jersey, New York,

---

    [3]  In addition to working in Ann Taylor's New York and
Connecticut offices, Plaintiff performed work on the Ann Taylor
project remotely from its New Jersey offices. (Compl. ¶ 14)

-4-

and Connecticut.  Because neither party argues that there is any difference in the laws of these three states which might affect the issues raised by the Complaint, the Court need not engage in the choice-of-law analysis generally required. *See National Ass'n of Sporting Goods Wholesalers, Inc. v. F.T.L. Marketing Corp.*, 779 F.2d 1281, 1284 (7th Cir. 1985)("a determination of the applicable state law is not required in this case, because where parties fail to raise a possible conflict of substantive laws . . . the substantive law of the forum controls.").  Thus, as the Third Circuit has made clear, "[w]hen such a situation arises in a diversity case, the laws of each unpleaded jurisdiction are presumed to be identical to the law of the forum [New Jersey] on all issues.  'Stated in another manner, unless the parties argue otherwise, it is assumed that the law of the forum and the laws of the applicable jurisdiction are in substance the same.'" *Simon v. U.S.*, 341 F.3d 193, 198 (3d. Cir. 2003)(quoting *National Ass'n of Sporting Goods Wholesalers, Inc.*, 779 F.2d at 1285 (7th Cir. 1985)).  Consequently, this Court will apply the substantive law of New Jersey.

## IV.

### A.

MK alleges Tower is in breach of its contract when it failed to pay Plaintiff for services performed on the Ann Taylor

project. (Compl. ¶¶ 18-19).  Throughout Count One, there is no
mention of a contract between MK and Ann Taylor.  However, MK
includes Ann Taylor in Count One as a party against whom it seeks
a judgment.

Ann Taylor takes the position that Count One fails to state
a claim because it does not plead a required element necessary to
state a claim for breach of contract.  Namely, MK never alleges
the existence of a contractual relationship between Plaintiff and
Ann Taylor.

Even assuming MK's allegations are true, as the Court is
required to do on a Rule 12(b)(6) motion, Plaintiff's Complaint
fails to allege the first essential element of a breach of
contract claim: that there exists a contract between the parties.
*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210
F.Supp.2d 552, 561 (D.N.J. 2002); *see Pub. Serv. Enter. Group,
Inc. v. Phila. Elec. Co.*, 722 F.Supp. 184, 219 (D.N.J.
1989)(citing 5 Wright & Miller, Federal Practice & Procedure, §
1235 at 189-90); *see also In re Cendant Corp. Sec. Litig.*, 139
F.Supp.2d 585, 604 n.10 (D.N.J. 2001).  Plaintiff aims the
allegations in Count One exclusively at its contract with Tower
rather than towards any alleged contract with Ann Taylor.

Count One states that "Tower's failure to make payment is a
breach of its contract with MK Strategies." (*Id*. ¶ 19).  "MK
Strategies provided detailed invoices *to Tower* for the services

-6-

performed for Ann Taylor." (Compl. ¶ 16)(emphasis added).  Count One does not, however, allege the existence of a direct contract between MK and Ann Taylor.  This failure to allege the first element of a breach of contract claim is fatal. *See Wright v. Prudential Ins. Co. of Am.*, 285 F.Supp.2d 515, 524 (D.N.J. 2003)(noting that breach of contract claim would fail Rule 12(b)(6) analysis because plaintiff could not establish elements of breach of contract).  Accordingly, the Court will grant Ann Taylor's motion to dismiss Count One.

### B.

MK Strategies brings Count Two of its Complaint under the theory of unjust enrichment.[4]  There are two basic elements to a claim based on unjust enrichment. A plaintiff must demonstrate "both that defendant received a *benefit* and that retention of that benefit without payment would be *unjust*." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)(emphasis added). In the case at bar, Plaintiff alleges that it has "provided services and knowledge" to Ann Taylor whose continued use of such "programs and services is a benefit to the company." (Compl. ¶¶ 23-25).  MK further alleges it has not received compensation for the services

---

[4] Unjust enrichment claims may also be referred to as "quasi-contract" or *"quantum meruit"* claims.

provided. (*Id*. ¶ 24).  Thus, MK has alleged sufficient facts to satisfy the first prong of its unjust enrichment claim.

To satisfy the second prong of an unjust enrichment claim, that retention of the benefits by Ann Taylor would be unjust, MK must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on the defendant and that the failure of the defendant to provide remuneration enriched defendant beyond its contractual rights."  *VRG Corp.*, 135 N.J. at 554 (1994).  MK does not allege that it expected to receive remuneration directly from Ann Taylor when it provided computer services pursuant to its contract with Tower.  To the contrary, Plaintiff's own Complaint alleges that Tower agreed to pay MK Strategies a rate of $150.00 per hour for the work it performed as a subcontractor (Compl. ¶ 13).  Plaintiff further alleges that "detailed invoices were provided to Tower for the subcontract service MK Strategies performed" on the Ann Taylor project (Compl. ¶ 16) and that, "pursuant to the contractual agreement between MK Strategies and Tower, the outstanding invoices must be paid by Tower." (Compl. ¶ 20).

"A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person." *Insulation Contracting and Supply v. Kravco, Inc.*, 507 A.2d 754, 760 (N.J. Super. Ct. App.

-8-

Div. 1986)(quoting § 110 of the Restatement, Restitution, (1937)).  Stated differently, "a plaintiff is not entitled to use the legal fiction of quasi-contract to substitute one promisor or debtor for another." *Id.,* 507 A.2d at 759 (citing *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966)); *see also, MBL Contracting Corp. v. King World Productions, Inc.*, 98 F.Supp.2d 492 (S.D.N.Y. 2000).  By pleading an unjust enrichment claim against Ann Taylor for the deficient performance of another, *i.e.*, Tower, MK asserts a claim which the law does not recognize.  The Court will grant Ann Taylor's motion to dismiss Count Two.

## C.

In Count Three MK alleges that "much of the work performed came at the direction and supervision of Ann Taylor employees," who additionally gave specific instructions and orders concerning work to be performed. (Compl. ¶ 32-33).  MK avers that through such actions by its employees, Ann Taylor established a direct contractual relationship with MK.

A similar argument was made and failed in *MBL Contracting Corp. v. King World Productions, Inc.*, 98 F.Supp. 2d at 495.[5]  In

---

[5]  Although this case contains no choice of law discussion, it appears to have been decided under New York law. "If there is no conflict, then the district court sitting in diversity may refer to the laws of the states whose laws potentially apply."

that case a building contractor, MBL, contracted with a building owner, Unitel, to make improvements on the building for the benefit of Unitel's new tenant, King World.  As described by the Court in granting King World's motion for summary judgment:[6]

> When MBL began construction, its employees found representatives of King World on site. King World's representatives, the lawful tenants of the premises, "directed MBL's forces during construction," and "made numerous, almost daily request for additions and changes in the work." However, the understanding during the entire period was that "Unitel would pay for the work."

*Id.,* 98 F.Supp.2d at 494 (citations omitted).

When Unitel filed bankruptcy and was unable to pay MBL for the work it had done on the building, MBL sued King World.  The court rejected plaintiff's unjust enrichment claim noting that there was no basis for concluding that MBL performed its work with the expectation of being paid by anyone but Unitel. As had the Court in *Insulation Contracting and Supply, supra*, *MBL Contracting Corp.* also relied on § 110 of the Restatement, Restitution, (1937). *Id.,* 98 F.Supp.2d at 495.[7]

---

*Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006).

[6] Defendant, King World, moved both to dismiss and for summary judgment. However, the Court noted that "we address only the motion for summary judgment inasmuch as plaintiff has filed only a bare bones complaint, forcing us to rely on plaintiff's supporting affidavits to complete its version of the facts." *MBL Contracting Corp.,* 98 F.Supp.2d at 494.

[7] MBL also asserted a third party beneficiary claim against King World, but this theory was rejected by the Court. 98 F.Supp.2d at 496-7.  MK did not assert such a claim in the complaint in this case.

In the form currently before the Court, the allegations contained in Count Three of Plaintiff's Complaint simply do not provide the Court with a legal basis to support a claim against Ann Taylor.  The Court will grant Defendant's motion to dismiss Count Three.

## V.

MK Strategies has not plead facts sufficient to maintain a cause of action against Ann Taylor.  However, the Third Circuit has long cautioned district courts against granting a defendant's motion to dismiss without first providing a plaintiff with an opportunity to amend their complaint.  Just recently, the Circuit Court reiterated the importance of providing a plaintiff with such an opportunity when it explained that even "when a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Chemtech Intern., Inc. v. Chemical Injection Technologies, Inc.,* 170 Fed.Appx. 805, 811 (3d Cir. 2006)(citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).  "The District Court should not," explained Judge Stapleton, "dismiss the plaintiffs' claims in this posture without either granting leave to amend or concluding that any amendment would be futile." *Chemtech Intern.*,

170 Fed.Appx. 805, 811 (3d Cir. 2006)(citations omitted).  We
will grant Ann Taylor's motion to dismiss Plaintiff's Complaint
in its entirety without prejudice to filing an amended complaint
on or before January 7, 2008.  The Court will issue an
appropriate Order.

Dated: December 6, 2007


                                   S/    *Joseph E. Irenas*
                                   **JOSEPH E. IRENAS, S.U.S.D.J.**