UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MK STRATEGIES, LLC,            :
                              :    HONORABLE JOSEPH E. IRENAS
     Plaintiff,               :
                              :    CIVIL ACTION NO. 07-2519
     v.                       :
                              :
ANN TAYLOR STORES CORPORATION  :         **OPINION**
and THE TOWER GROUP, INC.,     :
                              :
     Defendants.              :

**APPEARANCES:**

THOMAS H. EHRHARDT, LLC
By:  Thomas H. Ehrhardt, Esq.
527 Main Street
Riverton, NJ 08077
     Counsel for Plaintiff

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By:  Cynthia V. Fitzgerald, Esq.
Four Times Square
New York, New York 10036
     Counsel for Defendant Ann Taylor Stores Corporation

**IRENAS**, Senior District Judge:

     This matter appears before the Court on Defendant Ann Taylor

Stores Corporation's ("Ann Taylor") Motion to Dismiss or,

Alternatively, for a More Definite Statement pursuant to Federal

Rules of Civil Procedure 12(b)(6) and 12(e).  For the reasons set

for below, the Court will deny Ann Taylor's motion to dismiss or,

alternatively, motion for a more definite statement.


**I.**

     This action arises out of an alleged contract between

Defendant The Tower Group, Inc. ("Tower") and Ann Taylor,[1] pursuant to which Tower was to perform certain software services for Ann Taylor.  Tower then allegedly subcontracted with Plaintiff MK Strategies, LLC ("MK") for work on its main contract with Ann Taylor.  (Am. Compl. ¶¶ 10, 11).[2]  MK claims that Tower failed to pay MK for two outstanding invoices, which totaled $83,370.33.[3]  (*Id*. ¶¶ 17-18).

MK filed its initial complaint on May 30, 2007, seeking judgment against Tower and Ann Taylor for the balance of the unpaid invoices tendered to Tower.[4]  On July 27, 2007, Ann Taylor filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  On December 6, 2007, this Court granted Ann Taylor's motion to dismiss MK's claim without prejudice and with leave to amend the complaint.  *MK Strategies v. Ann Taylor Stores Corp.*, No. 07-2519, 2007 U.S. Dist. LEXIS 90136, at *12-13 (D.N.J. Dec. 6, 2007).  MK filed an Amended Complaint on January 7, 2008.

---

[1]This Court has jurisdiction under 28 U.S.C. 1332(a).  *See MK Strategies v. Ann Taylor Stores Corp.*, No. 07-2519, 2007 U.S. Dist. LEXIS 90136, at *1-2 n.1 (D.N.J. Dec. 6, 2007).

[2]References to "Am. Compl." pertain to MK's Amended Complaint, filed January 7, 2008.

[3]For a more detailed statement of the facts as asserted in the original complaint, see *MK Strategies v. Ann Taylor Stores Corp.*, 2007 U.S. Dist. LEXIS 90136, at *1-3.

[4]Tower did not answer the complaint, and a default judgment was entered on October 15, 2007, in favor of MK in the amount of $83,770.30, inclusive of costs.  (Docket No. 11).

-2-

In its Amended Complaint, MK now alleges that Ann Taylor sought MK's source code for the project, which MK offered to release contingent upon Ann Taylor's assurance of payment to MK for its work under the Tower subcontract.  (Am. Compl. ¶¶ 24-25). According to MK, based on this offer, authorized representatives of Ann Taylor promised to directly pay MK for its work on the Tower subcontract if Tower failed to make such payments.  (*Id.* ¶ 26).  Although Tower did not pay MK for the final two invoices, Ann Taylor failed to remit any payment to MK.  (*See id.* ¶ 28). MK believes that Ann Taylor is currently using the programming, services, and source code provided and designed by MK.  (*Id.*)

Count One, which alleges a breach of the main contract between Tower and MK, is against Tower only.  In Count Two, MK seeks relief from both Tower and Ann Taylor on the theory of unjust enrichment.[5]  MK seeks relief from Ann Taylor in Count Three[6] because Ann Taylor allegedly promised to pay MK directly

---

[5]MK is not aware of the status of Ann Taylor's payments to Tower under the main contract.  Thus, MK asserts that: (1) if Ann Taylor did not pay Tower, Ann Taylor was unjustly enriched by MK's services; (2) if Ann Taylor made full payment under its agreements, then Tower was unjustly enrichment by MK's services because Tower failed to make payment to MK; or, (3) if Ann Taylor made partial payment to Tower, then both parties have been unjustly enriched.  (Am. Compl. ¶¶ 30-33).

[6]Although MK states that it is seeking relief from Tower in Court Three, MK asserts no facts in this Count that relate to the actions of Tower, other than simply stating that MK "performed work for Ann Taylor under its subcontract with Tower."  (Am. Compl. ¶ 35).

and often directed and supervised MK's work, thereby creating privity and a contractual relationship between Ann Taylor and MK.[7]

In response to MK's Amended Complaint, on January 25, 2008, Ann Taylor filed the present motion to dismiss, or in the alternative, for a more definite statement.  Because MK has pleaded sufficient facts to establish either of its claims, the Court will deny Ann Taylor's motion to dismiss and will deny the alternative motion for a more definite statement.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss any part of a complaint for "failure to state a claim upon which relief can be granted."  In considering a Rule 12(b)(6) motion, the Court accepts as true all well pleaded factual allegations contained in the complaint and draws all reasonable inferences from such allegations in the light most favorable to the plaintiff.  *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  To survive a Rule 12(b)(6) motion, "a civil plaintiff must allege facts that

---

[7]In its previous opinion, this Court already held that Ann Taylor's supervision and direction of the work MK performed did not create a direct contractual relationship between MK and Ann Taylor.  *See MK Strategies,* 2007 U.S. Dist. LEXIS 90136, at *10-12.  Despite the Court's previous decision on these facts, MK continues to assert that such supervision and direction created a contractual relationship.

-4-

'raise a right to relief above the speculative level on the
assumption that all the allegations in the complaint are true
(even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d
227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127
S. Ct. 1955, 1965 (2007) (internal citations omitted)).

### III.

MK brings Count Two of its Amended Complaint under the
theory of unjust enrichment.[8]  As set forth in the Court's prior
opinion, there are two basic elements to a claim based on unjust
enrichment.  A plaintiff must demonstrate "both that defendant
received a benefit and that retention of that benefit without
payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J.
539, 554 (1994).  "Unjust enrichment is not an independent theory
of liability, but is the basis for a claim of quasi-contractual
liability." *Nat'l Amusements, Inc. v. N.J. Turnpike Auth.*, 619
A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992), *aff'd*, 645 A.2d
1194 (N.J. Super. Ct. App. Div. 1994).[9]  A quasi-contract claim

---

[8]As discussed in the Court's prior opinion, because the
parties did not argue that there is a conflict between the law of
the forum and the applicable jurisdictions, the Court will apply
the substantive law of New Jersey.  *See MK Strategies v. Ann
Taylor Corp.*, No. 07-2519, 2007 U.S. Dist. LEXIS 90136, at *4-5.

[9]A "*quasi*-contract" is created by law, for reasons of
justice without regard to the expressions of assent by
either words or acts.  It is invoked to prevent unjust
enrichment of unconscionable benefits or advantage.

cannot exist when there is an *enforceable* agreement between parties.  *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 334 (N.J. Super. Ct. App. Div. 1965).

"[A] plaintiff is not entitled to use the legal fiction of *quasi*-contract to substitute one promisor or debtor for another." *Insulation Contracting & Supply,* 507 A.2d at 759 (citing *Callano*, 219 A.2d at 335).  Nevertheless, where the primary beneficiary of a contract undertakes additional obligations to a subcontractor, the subcontractor may recover on the bases of those additional obligations from the primary beneficiary of that contract.  *See U.S. East Telecomms. v. U.S. West Commc'ns,* 38 F.3d 1289, 1293 (2d Cir. 1994)(under New York law, "a subcontractor may recover from a landowner (and a sub-subcontractor from a general contractor), even when a separate contract exists between the subcontractor and general contractor, if the owner has agreed to pay the general contractor's debt or if the circumstances surrounding the parties' dealings can be found to have given rise

_____

> *Quasi*-contracts are not contractual obligations in the true sense because there is no agreement.  The obligation arises not from the consent but from law or natural duty.  This duty rests not only upon the equitable principle of unjust enrichment but also on the principle that whatsoever it is certain a man ought to do, the law supposes him to have promised to do.  In the case of actual contracts the agreement defines the duty, while in the case of *quasi*-contract the duty defines the contract.

*Insulation Contracting & Supply v. Kravco, Inc.*, 507 A.2d 754, 759 (N.J. Super. Ct. App. Div. 1994)(internal citations omitted).

to an obligation to pay"); *Onorato Constr., Inc. v. Eastman Constr. Co.*, 711 A.2d 1363, 1367 (N.J. Super. Ct. App. Div. 1998).

In support of its unjust enrichment claim, MK makes a number of assertions. First, MK alleges that it provided "services and knowledge" to Ann Taylor.[10] (Am. Compl. ¶ 23.)  MK further alleges that "Ann Taylor authorized representatives made demands that MK Strategies provide to Ann Taylor the source code underlying the programming" and that "MK Strategies, which does not as a rule release source code, offered to release source code to Ann Taylor contingent upon adequate assurance of payment to MK Strategies for its work under the Tower subcontract." (*Id*. ¶¶ 24 & 25.)  MK alleges that "Ann Taylor, through its authorized representatives, promised to make payment directly to MK Strategies for its work under the Tower subcontract, if MK Strategies was not paid by Ann Taylor through Tower." (*Id*. ¶ 26.)  Finally, MK Strategies states that "[u]pon information and belief, Ann Taylor is presently using the programming, services and source code provided and designed by MK Strategies, who has not been paid either by Tower or by Ann Taylor." (*Id*. ¶ 28.)

As already stated in the Court's prior opinion, MK has satisfied its burden of pleading element one of an unjust

---

[10]MK's "services and knowledge" presumably consisted of its computer programming services provided pursuant to its subcontract with Tower.

enrichment claim, the receipt of a benefit by Ann Taylor. *MK Strategies*, 2007 U.S. Dist. LEXIS 90136, at *7-9. Through MK's subcontract with Tower, MK provided programming services to Ann Taylor, which Ann Taylor continues to utilize and from which it derives benefits. Additionally, MK's provision of source code to Ann Taylor provides some additional benefit to Ann Taylor. Ann Taylor has allegedly not paid MK for any of these services.[11] Therefore, Ann Taylor has received a benefit from MK for which MK has not been compensated.

To satisfy the second prong of an unjust enrichment claim, that retention of the benefits by Ann Taylor would be unjust, MK must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on the defendant and that the failure of the defendant to provide remuneration enriched defendant beyond its contractual rights." *VRG Corp.*, 135 N.J. at 554. MK now alleges that authorized representatives from Ann Taylor agreed to pay MK directly for its work if Tower failed to pay MK. (Am. Compl. ¶ 26). By amending its complaint

---

[11]At this juncture, the Court will presume that the provision of source code alone from MK to Ann Taylor constitutes a benefit. Thus, the Court need not address MK's alternative assertions that either Ann Taylor or Tower, or both Ann Taylor and Tower, received a benefit from the provision of MK's services depending on the status of payment from Ann Taylor to Tower under the main contract. (Am. Compl. ¶¶ 30-33). If discovery shows that such source code is not in itself a benefit, then the Court may revisit the issue of whether Ann Taylor received a benefit.

to include these additional details, MK has pled sufficient facts
to establish that it expected remuneration directly from Ann
Taylor for its work under the main contract and for its provision
of source code to Ann Taylor.  Ann Taylor's failure to provide
such remuneration is unjust because, at a minimum, it has
benefitted from the acquisition of the source code, which was
outside the scope of the main contract between Ann Taylor and
Tower.  MK has now established the second prong of an unjust
enrichment claim.[12]  For these reasons, the Court will deny Ann
Taylor's motion to dismiss Count Two.


                              **IV.**

     MK alleges in Count Three that "Ann Taylor created a
contractual relationship with MK Strategies by giving direction
to MK Strategies and agreeing to pay MK Strategies directly," if
MK did not receive compensation under the main contract with
Tower.  (Am. Compl. ¶¶ 25 & 40).

     A party alleging breach of contract satisfies its pleading
requirement if it alleges "(1) a contract; (2) a breach of that
contract; (3) damages flowing therefrom; and (4) that the party

---

          [12]As set forth more fully below, the Court is not
foreclosing the possibility that MK's unjust enrichment claim may
eventually be dismissed based on the presence of an enforceable
contract between MK and Ann Taylor.  At this time, however, the
Court finds it premature to dismiss MK's unjust enrichment claim
on this ground.

                              -9-

performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). To prove the existence of an express contract, MK must set forth the elements of offer, acceptance and consideration. *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 644 (3d Cir. 1998). "As every first-year law student knows, an offer and its acceptance are required to form a contract . . . ." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 250 (3d Cir. 2007).

As discussed in the Court's prior opinion, simple direction and supervision by a third party does not provide the legal basis of a breach of contract claim against the third party. *See MK Strategies,* 2007 U.S. Dist. LEXIS 90136, at *10-12; *see also MBL Contracting Corp. v. King World Prods., Inc.*, 98 F. Supp. 2d 492, 495 (S.D.N.Y. 2002). The Court will again reject MK's allegation that the mere fact that Ann Taylor supervised and directed MK's work provides MK with an opportunity to recover for breach of contract from Ann Taylor.

However, MK has now alleged facts to support a breach of contract claim. MK asserts that it "offered to release source code to Ann Taylor contingent upon adequate assurance of payment to MK Strategies for its work under the Tower subcontract." (Am. Compl. ¶ 25). MK alleges that Ann Taylor is presently using the source code provided by MK. (*Id*. ¶ 28.) The Court can

-10-

reasonably infer from the Amended Complaint that Ann Taylor's alleged promise to pay MK directly for any payment owed under the Tower subcontract not otherwise paid by Tower was relied upon by MK when it released the source code to Ann Taylor. (*Id*. ¶¶ 26 & 28.)

 Furthermore, MK alleges that neither Ann Taylor nor Tower paid MK for its two outstanding invoices. (*Id*. ¶¶ 31-33.)  As a result, MK is damaged in the amount outstanding on the two invoices.  Finally, MK asserts that it completed all the work requested by both Ann Taylor and Tower under the direct contract with Tower and that it also provided the source code to Ann Taylor. (*Id*. ¶¶ 15 & 28).  Therefore, MK has pled the requisite elements of a breach of contract claim.  Whether the facts developed during discovery will support a breach of contract claim must await further proceedings.[13]

While the Court will allow both of MK's claims to proceed, a later determination that Ann Taylor and MK entered an enforceable agreement will likely bar MK's unjust enrichment claim.  However, the Court believes it too early in the litigation to preclude one claim or another from proceeding.  The Court's decision to allow

---

[13]*See Lo Bosco v. Kure Eng'g*, 891 F. Supp. 1020, 1025 (D.N.J. 1995)("A contract is unenforceable for vagueness when its terms are too indefinite to allow a court to ascertain with reasonable certainty what each party has promised to do.")

both claims to proceed is consistent with prior case law as well as Federal Rule of Civil Procedure 8(d), which permits alternative statements of a claim and inconsistent claims at the pleadings stage.  This Court has regularly permitted claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of one of these claims would be premature.  *See, e.g., Dewey v. Volkswagen AG,* 2008 U.S. Dist. LEXIS 28077, at *59-60 (D.N.J. Mar. 31, 2008); *Titan Stone, Tile & Masonry, Inc. v. Hunt Constr. Group, Inc.*, 2006 U.S. Dist. LEXIS 70569, at *18 (D.N.J. Sept. 26, 2006) ("While it is true that some of plaintiff's quasi-contractual or other equitable claims may be dismissed as inconsistent at a later time in these proceedings, it is far to early to[o] do so now."); *Myers v. MedQuist, Inc.*, 2006 U.S. Dist. LEXIS 91904, at *28-29 (D.N.J. Dec. 20, 2006).  Therefore, the Court will deny Ann Taylor's motion to dismiss as to Count Three of MK's Amended Complaint.

## V.

In the alternative, Ann Taylor requests a more definite statement under Federal Rule of Civil Procedure 12(e). Specifically, Ann Taylor requests that MK amend its complaint to include: (1) an identification of the authorized representatives of Ann Taylor; (2) the terms of the alleged agreement; (3) the

date of the alleged promises; (4) the location of the exchange; (5) the reason Ann Taylor was willing to make this agreement in order to obtain the source code; and (6) the means by which the promise was conveyed.  (Df's Br. at 8-9).

Rule 12(e) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that the [moving] party cannot reasonably prepare a response."  A party making a Rule 12(e) motion must "point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion "'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"  *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)(quoting *Sun Co. v. Badger Design & Constructors, Inc.*, 935 F. Supp. 365, 368 (E.D. Pa. 1996)).  "It is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960).  "The basis for granting such a motion is unintelligibility, not lack of detail."  *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989).  The decision to grant a Rule 12(e) motion is "a matter committed largely to the discretion of the district court."  *Clark*, 213

F.R.D. at 232.

The Court finds that MK has sufficiently pled its claims.
MK has set forth the basic facts supporting its allegations of
breach of contract and unjust enrichment.  While not the model of
particularity, MK's Amended Complaint is not so vague, ambiguous
or unintelligible that Ann Taylor cannot respond in good faith.
The details sought by Ann Taylor concerning MK's claims may be
disclosed later in discovery, and if the such facts do not
support MK's Amended Complaint, then Ann Taylor may later file a
motion for summary judgment on this basis.  The Court will thus
deny Ann Taylor's motion for a more definite statement under Rule
12(e).


## VI.

For the reasons set forth above, the Court will deny Ann
Taylor's motion to dismiss MK's Amended Complaint and will deny
Ann Taylor's motion for a more definite statement.  The Court
will issue an appropriate Order.


Dated: July 30, 2008


                              s/ _Joseph E. Irenas_____
                              **JOSEPH E. IRENAS, S.U.S.D.J.**